## Coons *et al.*, Respondents, v. North, Appellant.

1. One A. B., being indebted to C. D. in the sum of $538.96, conveyed a certain tract of land to E. F. in trust to secure the payment thereof. In said deed the land, situate in St. Louis county, was described as follows : " A tract of eighty acres of land in the northern end of survey number 369, confirmed to Samuel Smith, in township 45 north, of range 4 east, commencing, &c., [here follows a description by metes and bounds] and being all the land now owned by said A. B. within said survey No. 369." Default being made in the payment of the indebtedness secured, the trustee proceeded, at the request of C. D. and in accordance with the provisions of the trust deed, to advertise and sell the land. In his advertisement he described the land to be sold by copying the description in the deed of trust. On the day of sale the trustee proceeded to sell ; the advertisement was first read, and the land was offered for sale as a tract containing eighty acres, more or less. Bids were asked by the acre for the whole tract. One G. H. was the highest bidder at the price of $8.50 per acre, and the tract was struck off to him at that price, and the trustee gave him a memorandum of said purchase, stating that he, G. H., had become "the purchaser of said land at and for the price of eight dollars and fifty cents per acre, and had paid on his purchase $500." The trustee paid over the said $500 to C. D., and it was credited upon the debt. The tract was subsequently surveyed and was found to contain only twenty-three acres. During these transactions none of the parties thereto supposed that the tract contained less than eighty acres. *Held*, in a suit instituted by G. H., the purchaser, against C. D. to recover back the excess of said $500 over and above the sum that twenty-three acres would have amounted to at $8.50 per acre, 1st, that the sale by the trustee was not, properly considered, a sale by the acre, but a sale of the tract as a tract ; 2d, that the purchaser, having bought the tract as containing eighty acres, could not recover of the *cestui que trust* or creditor the excess sued for ; 3d, that he was entitled on the ground of mistake to have the sale set aside.

*Appeal from St. Louis Court of Common Pleas.*

This was an action by Andrew J. Coons and Isaiah C. Brown against William North, to recover money paid by mistake. The court found the facts as follows: "George Smith, on the 14th of November, 1851, executed the deed of trust in plaintiff's petition described for the purpose of securing to the defendant the payment of the sum of $538.96. Default having been made in the payment of said sum when the same became due, the trustee named in said deed, William S. Brown, at the request of defendant and pursuant to the provisions of said deed, advertised the land described in said deed for sale by inserting for more than twenty days in the Missouri Republican, printed and published in St. Louis city and county, an advertisement of said sale, to be held at the north front door of the court-house, in said city, on the 16th day of May, 1853. The description of the tract in this advertisement is the same as in the deed of trust; it is as follows: " A certain tract of land situate in the county of St. Louis and state of Missouri, described as follows: being a tract of eighty acres of land in the north end of survey No. 369, confirmed to Samuel Smith, in township 45 north, of range 4 east, commencing at John W. Smith's corner on Creve Cœur creek; thence along his line south until intersecting Samuel Smith's line; thence west along Samuel Smith's line to the west line of the original survey; thence north along said original line until it intersects Creve Cœur creek; thence down the creek to the place of beginning; bounded north by Creve Cœur creek, east by land of John W. Smith, south by land of Samuel Smith, and west by land of Samuel Conway, and being all the land now owned by said George Smith within said survey number 369."] On said day and at said place, pursuant to said advertisement, said trustee proceeded to sell said land. The advertisement having been first read, it having been announced that said land contained eighty acres, more or less, bids were asked by the acre for the whole tract. Several persons present declined

bidding, because it was uncertain how many acres there were in the tract. The plaintiffs were the highest bidders at the price of $8.50 per acre. The tract is situate about twenty miles distant from St. Louis. The plaintiffs and the trustee and defendant supposed at the time that the tract contained eighty acres. Thereupon the plaintiffs paid to the said trustee the sum of $500 on said purchase, and said trustee executed and delivered to them the following memorandum of said purchase: ' I, William S. Brown, the trustee named in the within advertisement, do hereby certify that at the sale made on this day at the place and within the hours of day named in the annexed advertisement, Andrew J. Coons and Isaiah C. Brown became the purchasers of said land at and for the price of $8.50 per acre, and have paid on their purchase $500. [Signed] Wm. S. Brown, trustee.' The trustee, in a few days thereafter, paid over to the defendant the said sum of $500 received from the plaintiffs. None of the parties at that time supposed that the tract contained less than eighty acres. Subsequently said tract was surveyed and found to contain only 23 15-100 acres, for which, at $8.50 per acre, the price would be $196.70. The excess paid by the plaintiffs and recovered by defendant was $303.23. This excess was paid and received under a mutual mistake as to the quantity of land included in said tract. The defendant did not know the quantity of land contained in the tract. The sale was made of the tract at $8.50. There was no representation or statement made at the time that said tract contained eighty acres, but it was put up as a tract containing eighty acres, more or less. Before the commencement of this suit, the plaintiffs demanded of the defendant the refunding to them of said excess of $303.23, which the defendant refused. Thereupon the court declares that the plaintiffs are entitled to recover of the defendant the sum of $303.23, with interest from the commencement of this suit, making the total sum of $311."

A motion for a review was made and overruled.

*Bay*, for appellant.

I. The sale was of the entire tract. (Sugden, V. & P. 384; 3 Mass. 355; 6 Serg. & Raw. 488; 6 Binn, 102; 2 Johns. 37; 17 Mass. 207.) There was no privity of contract between North and the vendees; North never saw the land, was not present at the sale, and made no representation with regard to it. The pretence that the money was paid to North under a mutual mistake between him and the vendees is not warranted by the evidence. The money was paid to the trustee. It does not appear that North knew the vendees or the vendees him. The vendees did not pay the money to the trustee until five days after the sale. They had ample time to ascertain the quantity of the land. It is too late to invoke the aid of a court of chancery. This is a proceeding at law and the remedy, if any, is in chancery.

*S. T. & A. D. Glover*, for respondents.

I. The land was not sold in gross but by the acre. (Ayres v. Hays, 13 Mo. 259; Quisnell v. Woodlief, 2 Hen. & Munf. 173; Carter v. Campbell, 1 Gil. 139; Nelson v. Carrington, 4 Munf. 333; Bailey v. Snyder, 13 S. & R. 160.) The presumption is that both parties to a sale have regard to the quantity which both suppose the estate to contain. They especially adopt this rule where any other would work injustice, as where the discrepancy is very great between the estimated and actual contents of a tract. So where the contract rests *in fieri*. (Hill v. Buckley, 17 Ves. 394; 6 Binn. 102.) In this case all the parties supposed that the tract contained eighty acres. (1 Sugd. V. & P. 382, 319.) The effect of the words "more or less" is only to cover a small difference as to quantity one way or the other. (2 Hen. & Munf. 173; Thomas v. Perry, 1 Peters, C. C. 58. If plaintiffs purchased by the acre they were only liable to pay for as many acres as the tract contained, and the defendant had the right only to demand or receive as much as they were bound to pay. If they have paid more than they were bound

Coons v. North.

to pay, the defendant has received more than he ought to keep. He ought to refund it. . The right of action in this case is on the familiar principle that money paid by mistake may be recovered back. (2 Sto. Eq. 501, § 1255; 2 Fonbl. Eq. book 2, ch. 1, note *b*.) The trustee was the agent of the grantor and the *cestui que trust*. The petition states all the facts out of which the equities arise as minutely as would be required in a bill in chancery. The suit may be called an action at law for money had and received, or a proceeding in equity.

NAPTON, Judge, delivered the opinion of the court.

We were not without doubt whether this action against the *cestui que trust* could be sustained, under any view of the law concerning the warranty and the mistake alledged. If this sale had been made directly by the owner who, upon receiving the purchase money, paid it over to his creditor, it is clear that the purchaser would have no action against such creditor. The money could not have been followed in his hands. There would be no privity between them, and the purchaser must look to his vendor to redress any losses he may have sustained through mistake or fraud. The same rule would apply if the sale had been by the sheriff under execution and the money paid over to the creditor. The rule of *caveat emptor* would apply, and if warranties or misrepresentations or innocent mistakes occurred, giving grounds for action to the injured purchaser, his redress would be limited to the person making the warranty or occasioning the mistake. The creditor, not having interfered in any way, would not be liable to refund. Here the sale was by a trustee holding the legal title to the land, through the agency of the owner, and for the benefit of the creditor and the owner. Considering him as an agent for the creditor, who is *cestui que trust* in the deed, as well as of the owner and debtor, we may in this way establish a privity between the parties. Considering that such a privity exists as would allow this action

6—VOL. XXVII.

in the event it could be maintained on other grounds, the question still remains whether this action for the surplus money received will lie.

We do not consider the sale made in this case as a sale by the acre. To give such a construction to sales of this nature, whether made by sheriffs or trustees or other agents, at public auction, merely because the bids are called for and received' by the acre, would be contrary to what we apprehend is the general understanding of the country. Many of our surveys here, made by the officers of the United States government, are inaccurate, and sections of land are frequently found to overrun the quantity of 640 acres, and as frequently perhaps to fall short of this quantity. The subdivisions are, of course, equally inaccurate. Sales, especially public sales, are usually made by reference to these known surveys and subdivisions of surveys, and the purchase money is calculated by the number of acres ; but the vendor is selling the tract, and the purchaser expects to get the tract without regard to mistakes which may have occurred in the original surveys, whether favorable to one side or the other. The conduct of the parties in this case is sufficient to show that, although the bidding was regulated by the price per acre, yet it was understood that the tract, as a tract, was sold, without reference to any deficiency or excess which an accurate survey might show. No provision was made for a re-survey, nor was any such contemplated. (Smith v. Evans, 6 Bin. 102.)

There was a mistake in this case common to all parties concerned in the sale, which certainly a court of equity would correct. The doctrine of the cases cited from the Virginia courts is reasonable in relation to the construction of the words " more or less" in describing the number of acres in a tract of land. It is intended to cover small deficiencies, such as the well known inaccuracies of government surveys produce ; but it does not and ought not to compel a purchaser to take a tract of 500 acres which he has bought and paid for as containing a thousand acres. But the equity in

such cases does not arise from the fact of sale by the acre, and the consequent responsibility of the vendor to see that every acre contracted for is to be found in the survey, and his right to a price exactly proportioned to the number of acres, but it proceeds solely upon the ground of mistake and not of contract; and the question arises, how is the mistake to be corrected? Can a court of equity allow the purchaser to retain the land, and compel the vendor selling at public auction, and by an agent not perhaps of his own choosing and certainly not controlled in any way by his directions, to refund the surplus of the purchase money? We doubt whether this would be equity in any case. We see plainly that in many cases it would not. Here the tract was sold as a tract of eighty acres, and brought some five or six hundred dollars. It turns out to be only twenty-three acres. This fact was unknown to the *cestui que trust* in the deed, the defendant in this action, as well as to the trustee and the purchaser. We may assume that it was also unknown to all the bidders present. The tract was sold at about eight dollars per acre, and this made an aggregate, estimating it at eighty acres, sufficient to pay the debt for which it was sold. Whether the creditor would have suffered a sale at eight dollars per acre, if the quantity of acres had been known, is a matter we can not know. Whether other bidders would have let the tract go off at this price, with this knowledge, can not be known.

As the mistake was common both to purchaser and owner, we do not see any right which one has to insist on the contract being executed *pro tanto*. The purchaser would clearly have a right to rescind altogether; but this action is not brought upon this basis. The plaintiff proposes to retain the land at a price bid for a tract of eighty acres, when it has turned out to be less than one-third of that size. We see no equity in such a claim. To rescind the contract entirely could injure neither party, but places them both where they stood, with a discovery of the mistake. The land can be put up again, and if it is worth no more than eight dollars per acre as a tract of twenty-three acres he is not injured, and the

defendant and others will have an opportunity of bidding with a knowledge of the fact now disclosed, which they did not have at the former sale, and which we would utterly deprive them of if this action in its present form be sustained.

The plaintiff may if he sees fit amend, and with this view the judgment is reversed and the cause remanded. Judge Scott concurring; Judge Richardson not sitting.