BOXLEY, Respondent, v. STEVENS, Appellant.

31  201
57a 307

1. A. and B. entered into an agreement in the following form . " Know all men by these presents, that I, A., have this, the 12th day of February, 1857, sold to B. the farm on which I reside in Meramec township, St. Louis county, state of Missouri, containing one thousand acres, more or less, bounded, &c., &c., for the sum of thirty dollars per acre, one-third in cash, and the balance in five equal annual payments, bearing six per cent. per annum. I hereby acknowledge the receipt of five dollars in part payment of the same. The first payment to be made on the first day of January, 1858, when possession is to be given. As witness our hands and seals the day and date above mentioned. [Signed] A., B." The tract of land described contained by survey 1,098.82-100 acres. *Held*—in a suit instituted by A. against B. to recover the third of the purchase money payable in cash, in which he claimed the sum of $10,983.20 at the rate of thirty dollars per acre for the whole number of acres—that the tract embraced in the agreement was sold for the aggregate amount of $30,000, and not at the rate of thirty dollars per acre.

*Appeal from St. Louis Land Court.*

*Lackland, Cline & Jamison,* for appellant.

I. The agreement did not provide for having the land surveyed. It is a sale in gross, not a sale by the acre. The court erred in instructing the jury. (27 Mo. 73 ; 6 Binn. 102 ; 4 J. J. Marsh. 634 ; 7 Ala. 855 ; 6 Munf. 188 ; 14 Ala. 209 ; 1 Call, 301 ; 5 Call, 4 ; 1 Munf. 333 ; 1 S. & R. 166 ; 4 S. & R. 488 ; 4 Mass. 419 ; 2 Johns. 37 ; 1 Caine, 493 ; 24 Miss. 597 ; 14 Ala. 209 ; 5 Leigh, 39 ; 1 Metc. 378 ; 1 N. Y. 102 ; 20 Mo. 239.)

*Glover & Shepley,* for respondent.

I. The legal effect of the agreement is the sale of a specific tract of land by metes and bounds at thirty dollars per acre. (5 Mass. 356 ; 13 Mo. 252.)

NAPTON, Judge, delivered the opinion of the court.

This suit was brought upon the following agreement: " Know all men by these presents, that I, William S. Boxley, have this, the 12th day of February, 1857, sold to Richard

H. Stevens the farm on which I reside in Merrimack township, St. Louis county, state of Missouri, containing one thousand acres, more or less, bounded, &c., &c., for the sum of thirty dollars per acre, one-third in cash, and the balance in five equal annual payments, bearing six per cent. per annum. I hereby acknowledge the receipt of five dollars in on part payment of the same. The first payment to be made the first day of January, 1858, when possession is to be given. As witness our hands and seals the day and date above mentioned. Wm. S. Boxley (seal), Richard H. Stevens (seal). Attest : J. L. Stevens."

The plaintiff avers that the tract of land described in this paper contains by survey 1,098.82-100 acres ; that the defendant took possession of the land under this contract at the time specified therein ; that no notes have been executed and no title made ; and that the one-third of the purchase, to-wit, $10,983.20, is now due. He asks a judgment for this sum, with interest ; that said judgment be made a lien on the land sold ; and that, in the event that a general execution shall not be satisfied, that the land may be sold and the proceeds applied to the plaintiff's claim, &c.

Upon the trial, the court instructed the jury that the legal effect of the contract was to render the defendant liable for the purchase money, estimated at thirty dollars per acre, for the number of acres which, upon survey, the tract was ascertained to contain ; and the verdict of the jury was accordingly for one-third of the purchase money estimated upon this rule, with interest.

The propriety of this instruction is the only material question in the case. There were other points made on the trial, but as the jury passed upon them, under proper instructions, it is unnecessary to notice them.

The question is upon the construction of the agreement. Is the farm or tract of land therein described sold at $30,000, or is the aggregate price to be determined by ascertaining the number of acres it actually contains ? There is no doubt that the estimate of the quantity of land at a thousand acres,

more or less, is not an assurance that the tract contains the precise number of acres specified. The words " more or less" are sufficient to show that the exact number of acres in the land was not certainly known to either party, and that both parties were willing to abide by the rate, notwithstanding there might be a deficiency as a surplus. To what extent discrepancies are allowed by the terms " more or less, it is not necessary in this case to consider, as the only controversy between the parties is as to the price. It is not pretended that the purchaser did not get all he bargained for, nor does the vendor complain that more land was embraced by the contract of sale than he anticipated; the disagreement is only in reference to the price.

Here is a sale of a farm or tract of land, on which the vendor resided, containing one thousand acres, more or less, for the sum of thirty dollars per acre. Is the aggregate price fixed, or is it to be determined ? If the sale is to be regarded as a sale merely by the acre, it is clear that the aggregate price can not be ascertained from the instrument above. Something remains to be done before either party could know for what amount the land was sold, and of course before it could be known how much one-third of the purchase money would be ; yet no provision is made for a survey, nor at what time, at whose instance, and whose expense it is to be made. The absence of such a stipulation is certainly a significant circumstance in an instrument which specifies the time of payment and the time at which possession is to be given. If the parties had not really agreed upon any aggregate price, it is strange that there was no way provided for ascertaining it in the contract of sale. Is it probable that such a necessary step should be left to implication ?

Where an owner of a large tract of land, constituting his farm, upon which he resides, proposes to sell it, the prominent idea in his mind is the aggregate value of the tract with its improvements, rather than the sale of each acre, as of any detached number of acres, and this must be equally so with the purchaser. Both parties have in view the aggregate

limit at which one is willing to sell and the other to buy. When that is understood, neither party consider it material in what term and by what mode of calculation the limit is designated. The number of acres and the price per acre will readily show the aggregate price. The words "more or less" are not inserted with a view to unsettle the price and leave it to surveys, but to indicate the agreement of each party to risk slight variation from quantity assumed.

If it is the intention to leave the price to subsequent examination, and merely to fix in the contract the value of each acre, or the average value of all the acres in the tract, we would expect to find some provision for a survey in the agreement. In Ayers v. Hays, 13 Mo. 252, there was such a provision, and the court held rightly, we think, that the rule was by the acre. But in Coons v. North, 27 Mo. 73, there was no such stipulation, and the court regarded the sale as one in gross. There is nothing inconsistent in the two cases. A very slight change in the provision of a contract may give it a very different meaning. Every contract must be interpreted by its own terms, and if they are obscure or ambiguous, we must gather their meaning, as we best can, from the situation of the parties, the subject matter of the contract, and the principal object in view by the parties to it.

In the case of Fauve v. Martin, 3 Selden, 210, there was an agreement to sell "all that certain farm or lot of land now in her possession and whereon she resides and whereof the said J. M. died seized, containing ninety-six acres, be the same more or less, for the sum of sixty dollars per acre," &c. This was held to be a sale in gross; that there was no covenant, express or implied, upon the vendor as to quantity, nor any stipulation that the number of acres should be ascertained by the joint or separate action of the parties; and that the amount of the consideration was therefore to be ascertained from the number of acres estimated in the agreement and not otherwise.

There are cases, undoubtedly, which take a different view of this subject. There is a great contrariety or rather diver-

sity of opinion to be found in the reports, especially in the American cases, as may be seen by a general reference to them in the notes to Sugden on Vendors. (1 V. & P. 430, § 3.) But this diversity must necessarily exist, from slight variations in the forms of expression used, from the different circumstances under which the contract is made, and from the condition, locality, and extent of land embraced in the contract. The object of the courts, in all cases alike, is to ascertain the intentions of the parties, and this depends so much upon the peculiar circumstances of each case, that no great uniformity is to be expected, or any inflexible rule to be found.

Our conclusion is that the sale in this case was a sale in gross, for $30,000, and that the instruction given to the jury upon the trial was erroneous.

The judgment of the land court is reversed and the judgment will be entered by this court for $10,000, with interest at six per cent. from the first of January, 1858. Costs are adjudged to be paid by the respondent. The other judges concur.