FAULCONER & FENWICK, Appellants, v. JOHN H. SAMPLES, Respondent.

Kansas City Court of Appeals, March 26, 1894.

Construction: SALE OF CORN CROP: MORE OR LESS. A contract for the sale and purchase of a corn crop, set out in the opinion is construed and it is *held* to be a contract for the sale of the crop as such for the lump price mentioned and that words "consisting of sixty acres more or less," does not make it a sale by the acre, but is used merely as to qualify the description of the crop.

*Appeal from the Saline Circuit Court.*—HON. RICHARD
FIELD, Judge.

REVERSED AND REMANDED. *(with directions).*

`R. M. Reynolds` and *D. D. Duggins* for appellants.

(1) The court erred in permitting defendant to
prove that there was a less number of acres than sixty
in the fields. The contract is for the sale and delivery
of a certain crop of corn—less forty barrels reserved
by plaintiffs for their own use. There is no agreement
to sell by the barrel or by the acre, and no agreement
to survey or have it surveyed. *Boxley v. Stevens*, 31
Mo. 203. (2) The words, sixty acres, more or less,
are evidently used as a matter of description, to
identify the crop of corn sold, from other crops
and not intended as words of warranty. Tiedeman on
Sales, sec. 102; *Boxley v. Stevens, supra*; *Rollins v.
Claybrook*, 22 Mo. 405; *Baker v. Runkle*, 41 Mo.
391; *Brewing Company v. Sedalia*, 34 Mo. App. 49;
*O'Connell v. Duke*, 94 Am. Dec. 282; *Brown, v. Brown*,
90 Mo. 189; *Campbell v. Jimener*, 23 N. Y. L. 333;
*Brewing Company v. Sedalia*, 34 Mo. App. 56; *Belch v.
Miller*, 32 Mo. App. 397; *Martin v. Slotter*, 107 Mo.
325; *Gas Company v. St. Louis*, 46 Mo. 121; *Wolf
v. Dyer*, 95 Mo. 551; *Lumber Company v. Warner*,
93 Mo. 384; *Edwards v. Smith*, 63 Mo. 119; *Bunce
v. Beck*, 43 Mo. 266; *Moss v. Green*, 41 Mo. 390;
*Brawley v. U. S.*, 6 Otto, 168, reported in Book 24
L. C. P. Co. p. 623; *Merriam v. U. S.*, 17 Otto, 437,
reported in Book 27, L. C. C. Co. p. 533; Tiedeman
on Sales, sec. 102; *Johnson Company v. Wood*, 84
Mo. 509; Bishop on Contracts [En. Ed.], sec. 392.

*Davis & Wingfield* for respondent.

(1) The written contract shows a sale of sixty acres of corn, "more or less," and such a contract is not complied with by a delivery of forty-three and ninty-nine one-hundredths acres, or more than twenty-five per cent. less than the contract calls for. The words "more or less," as used in this contract are not "words of indefinite estimate" as claimed by plaintiff, but would cover only a small deficiency proportioned to the amount named. The contract is an absolute contract for the sale of a specific number of acres of corn within a reasonable limit. *Shickle v. Chauteau et al.,* 10 Mo. App. 241; s. c., 84 Mo. 161; *Patterson v. Judd,* 27 Mo. 563; *Cabot v. Winsor,* 1 Allen (Mass.) 549; *Iron Company v. Parsons,* 5 Gray (Mass.) 591; *Obrien v. Gilchist,* 34 Me. 554; *Tilden v. Rosenthal,* 41 Ill. 385.

ELLISON, J.—This action is to recover the balance ($212.01 principal and interest) claimed by plaintiff to be due on the following contract:

"This contract made and entered into this seventh day of October, 1892, by and between J. D. Faulconer and John H. Samples for the following purposes—the said J. D. Faulconer sells to said John H. Samples his crop of corn, consisting of sixty acres, more or less, for the sum of $500.00 (five hundred dollars), with the exception of forty barrels of corn reserved by the said J. D. Faulconer for his own use, the said Faulconer is to gather said corn for the said Samples; said corn to be paid for November 1, 1892, and December 1, 1892. The said Faulconer acknowledges the receipt of fifty dollars on this contract.

"JOHN H. SAMPLES.
"J. D. FAULCONER."

Defendant admitted a balance was due, but denied that as much was due as claimed by plaintiff. The court took defendant's view and plaintiff has appealed.

The determination of the dispute between these litigants depends upon the construction of the foregoing contract. Plaintiff contends that the sale was of the crop of corn, as such, at the lump price of $500. Defendant contends that it was a sale by the acre; and that the words "more or less," will not cover so great a discrepancy as was ascertained to exist in this case, a survey made at defendant's instigation having shown there was but forty-three and ninety-nine hundredths, instead of *sixty* acres. Defendant arrives at his conclusion of what is due plaintiff by assuming that the purchase was of sixty acres for $500, and reducing that sum in the proportion that the true number of acres bears to sixty acres.

Our opinion is that the court erred in adopting defendant's view of the contract. The sale was of the crop for a gross sum. The words of the contract, "consisting of sixty acres, more or less," do not make a sale by the acre, or by any other quantity, save as would be included by the entire crop except forty barrels reserved. We must accept the contract as made; defendant's view as carried out makes a new contract. There is no provision in the contract for a purchase by the acre, if there was, defendant's authorities as to the elasticity in the words, "more or less," would find application. There is no mode provided for of ascertaining the true number of acres, nor any provision for reduction, if a less number was found.

In *Ayers v. Hayes*, 13 Mo. 252, the contract provided that "said Hayes has sold to said Ayers his farm now in his possession, in Marion county, state of Missouri, known as a part of the lower Marion College tract, and bounded as follows, viz.: Beginning at a

stake (describing it), supposed to contain two hundred and forty acres be the same more or less, with all the houses, tenements and appurtenances thereto belonging, etc. And the said Ayers on his part engages to pay to said Hayes the sum of $18.50 per acre for said land. Said Hayes agrees to have the land surveyed when the first payment is made." The court then proceeds to say: "Here is not a selling of a farm or tract of land for a round sum of money—but a tract of land within specified boundaries and the last line of which is not very certain, being 'about one hundred and thirty poles' supposed to contain two hundred and forty acres, more or less,—now these words 'more or less' do not make the exact quantity sold to be so many acres, but their object is to express the intention of the contracting parties to be for the entire land contained within the marked boundaries, whether the quantity shall be more or less than two hundred and forty-two acres. The 'farm' as marked out by the boundaries supposed to contain two hundred and forty-two acres was sold and the words 'more or less' were added so that if there be more than the estimated quantity it was nevertheless sold and if less than the estimated quantity it was still a contract.

"Now if this land thus supposed to contain a certain quantity of acres more or less had been sold for a sum of money, say, for example, for $4,000, without naming any price per acre, and upon actual survey, it should be found to contain less than the estimated quantity, that could afford no cause of complaint to the purchaser; for he bought the entire tract for the entire sum—and if he guessed wrong, as to the number of acres, it is his misfortune or his fault."

It seems to me that the reasoning in that case finds application here and that it is opposed to the judgment given below.

Again, in *Boxley v. Stevens*, 31 Mo. 201, the contract was as follows: "Know all men by these presents, that I, William S. Boxley, have this, the twelfth day of February, 1857, sold to Richard H. Stevens the farm on which I reside in Merrimack township, St. Louis county, state of Missouri, containing one thousand acres, more or less, bounded, etc., etc., for the sum of $30 per acre, one-third in cash, and the balance in five equal annual payments, bearing six per cent. per annum. I hereby acknowledge the receipt of $5 on part payment of the same. The first payment to be made the first day of January, 1858, when possesion is to be given." Of this the court said: "Here is a sale of a farm or tract of land, on which the vendor resided, containing one thousand acres, more or less, for the sum of $30 per acre. Is the aggregate price fixed, or is it to be determined? If the sale is to be regarded as a sale merely by the acre, it is clear that the aggregate price can not be ascertained from the instrument above. Something remains to be done before either party could know for what amount the land was sold, and, of course, before it could be known how much one-third of the purchase money would be; yet no provision is made for a survey, nor at what time, at whose instance, and whose expense it is to be made. The absence of such a stipulation is certainly a significant circumstance in an instrument which specifies the time of payment and the time at which possession is to be given. If the parties had not really agreed upon any aggregate price, it is strange that there was no way provided for ascertaining it in the contract of sale. Is it probable that such a necessary step should be left to implication?"

We do not regard the words "more or less," as used in this contract, as in any way affecting the agreed price. They have reference to the quantity of

acres upon which the crop sold was standing and enter into the contract merely as qualifying the description of the crop.

The judgment will be reversed and cause remanded with directions to enter judgment for plaintiff for the amount claimed, with interest.  All concur.